## WILSON vs. BOZEMAN ET AL.

[ACTION ON PROMISSORY NOTE.]

1. *Confederate money; contract based on loan of, void.*—A note, the consideration of which is the compromise of a note given for the loan of Confederate treasury-notes, is void as against the public policy of the State and of the United States.
2. *Error; when not cause of reversal.*—Where the record shows that upon the case made on the trial below the plaintiff is not entitled to recover, a reversal will not be allowed though error may have intervened in the proceedings in the court below.

APPEAL from the Circuit Court of Hale.
Tried before Hon. M. J. SAFFOLD.

Appellant brought this action against appellees to recover the amount of a promissory note made by them. They pleaded, "in short by consent," that the consideration of the note sued on was Confederate States treasury-

notes, commonly called Confederate money; and further, "that the consideration of the contract sued on is illegal and void, and against public policy."

The plaintiff replied, "that the note sued on was signed and given by defendants to plaintiff in part payment and settlement, by way of compromise, of another note or claim which plaintiff held against them, and in making said compromise plaintiff agreed to reduce the amount of said claim or note and divide and extend the time for payment thereof, by taking defendants' notes therefor for about one-third of the original amount, payable one, two and three years after date of said settlement and compromise; which notes the said defendants then executed to plaintiff, and were received and accepted by him in settlement and compromise as aforesaid, and that the note sued on is one so given as aforesaid," &c.

The court sustained a demurrer to this replication; whereupon, the plaintiff took issue on defendants' pleas. The testimony shows that in May, 1863, plaintiff loaned defendants a considerable sum of Confederate money, and took their note therefor. In October, 1866, the parties met, calculated the value of the Confederate money originally loaned, by "reducing it first to gold and then to United States currency," and the value thus ascertained was divided into three equal parts and notes executed therefor as stated in plaintiff's replication.

The plaintiff reserved several exceptions to the rulings of the court below in the admission of evidence, and in consequence of these rulings was forced to take non-suit with bill of exceptions and leave, &c. The view taken of the case by the court renders unnecessary any further notice of the exceptions reserved in the court below.

W. & J. WEBB, for appellant.—1. At the time the compromise was made, the claim compromised was a legal and valid claim, and could then have been enforced by suit.—*Scheible v. Bacho*, 41 Ala. 423.

2. And this valid claim plaintiff forbore to sue, and ex-

tended the time of payment, and this was a sufficient new and legal consideration to support the compromise and notes given in pursuance thereof, notwithstanding a change of ruling of the courts.—*Curry v. Davis*, 44 Ala.; 1 Vroom (N. J.) 323; 4 Metcalf, 270; 3 Jones' (N. C.) Eq. Rep. 50.

3. Compromises are always favored, whatever the nature of the controversy settled.—5 Peters, 99; 2 Randolph, 442; 11 Conn. 12; 17 Conn. 511; 11 Vermont, 483; 8 Vermont, 144; Ord. No. 35, Conv.. 1867.

4. By the compromise, and acts thereunder, all inquiry into the validity or invalidity of the original contract is precluded, when the parties bound knew all the facts. 1 Stewart, 35; *Curry v. Davis*, 44 Ala. 281; 30 N. J. 324; 3 Hill (N. Y.) 504; 4 Denio, 189.

5. Taking usury under the law in Aiken's Digest was as much against public policy then as lending Confederate money, yet, in *Standifer v. McWhorter*, (1 Stewart, 535,) this court refused to inquire into a compromise alleged to be tainted with usury.

6. It is against public policy to unsettle compromises, as much so as it is to prevent enforcement of contracts contrary to public policy.

7. The contract here is more than a mere renewal of the old debt. The old debt was extinguished by the compromise.—*Ware et al. v. Willis*, 44 Ala.

8. Plaintiff does not have to rely on the illegal consideration to sustain his contract, and may therefore recover. *Swan v. Scott*, 11 Serg. & Rawle, 155. On this principle alone can C. J. Marshall's decision in *Armstrong v. Toler*, (11 Wheaton, 258,) be upheld.

SOMERVILLE & McEACHIN, and A. B. PITTMAN, *contra.*—
1. The original contract, being based upon an illegal consideration, was void as against the public policy.—*Hale v. Houston, Sims & Co.*, 44 Ala. 134; *Lawson v. Miller, ib.*

In the latter case, it was held that "a promissory note made in this State in renewal of such a note since the suppression of the late rebellion, is illegal and void, and no

action can be maintained upon it in the courts of this State." Certainly a mere remittal of a portion of the illegal consideration, or a reduction of the amount to be paid, would not purge the original illegal transaction. The consent of parties, however expressed, can not remove what the law calls the "sting of disability." An illegal contract can not be compromised into one that is legal.—See *Coppell v. Hall*, 7 Wallace, 558.

The decisions in cases of usurious contracts are uniformly in harmony with these obvious principles.—4 N. Y. Digest, p. 1195, §§ 16, 17, 18, 36.

2. If it is contended that any new consideration, as the extension of time, has been interpolated into the new note, it is a sufficient answer that a portion of the consideration, which is not susceptible of division or apportionment, is for Confederate money; and this vitiated the contract.— 3 Cold. (Tenn.) 470; 2 Kent's Com. 468; Chitty on Contr. 573; 22 Maine, 488; 14 N. Y. Rep.; 11 Wheat. 258.

3. The case of *Curry v. Davis*, (44 Ala. 281,) which holds the compromise of an "invalid" claim to a sufficient consideration to support an action, may be relied on by appellant. This case was one of a doubtful, not an illegal claim, and is therefore not in point.

4. Where the consideration of a contract is forbidden and denounced by law; where the contract, on account of the illegality of the consideration, is against public policy and void, there can be no waiver or compromise of the defense of illegal consideration. Such defense is exceptional, allowed for the sake of the public, and the same public policy which allows it in the first place, forbids all efforts to compromise it.—14 Sm. & Mar. 25; 8 *ib.* 638; 10 *ib.* 97; 40 Miss. 341; 41 Miss. 187; *Kidder v. Blake*, 45 N. H. 530.

PETERS, J.—This is an action of debt founded upon a promissory note given in compromise of debt for the loan of Confederate treasury-notes. A contract based upon such consideration is void, as against the public policy both

of the State and the general government, and no recovery can be had upon it in our courts.—*Lawson v. Miller*, 44 Ala. 616; Rev. Code, §§ 1176, 1177, 3643, 3644.

The facts set out in the record show that the plaintiff in the court below was not entitled to recover. When this is the case, such errors as may have been committed in the course of the trial below are errors without injury, and would not justify a reversal. For this reason, it is unnecessary to look into the other assignments of error in this case.—Shep. Dig. p. 568, § 82.

The judgment of the court below is affirmed.